IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE:<br><br>TRACEY GODFREY | Cause No. CV 25-72-M-DLC<br><br>**ORDER** |

Godfrey, a state prisoner proceeding pro se, continues his attempt to challenge the 60-year state court sentence he is presently serving. Godfrey has repeatedly been denied relief in this Court.[1]

---

[1] *See e.g., Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014)(denying petition for lack of merit); *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed); *In re Tracey Godfrey*, CV-23-156-M-DWM (D. Mont. Dec. 21, 2023)(dismissed for lack of jurisdiction); *In re Tracey Godfrey*, CV-24-40-M-DLC (D. Mont. April 8, 2024)(dismissed for lack of jurisdiction); *In re Godfrey*, CV-25-28-M-DWM (D. Mont. Feb. 24, 2025)(dismissed for lack of jurisdiction); *In re Godfrey*, CV-25-64-M-DLC (D. Mont. May 5, 2025)(dismissed for lack of jurisdiction); *In re Godfrey*, CV 25-69-M0DWM (D. Mont. May 19, 2025)(dismissed for lack of jurisdiction).

It is noteworthy that in 2015, the Montana Supreme Court placed a filing restriction upon Godfrey, advising him that he would need to seek leave of the Court prior to filing any future petition. *Godfrey v. Kirkegard*, No. OP 15-0789, Or. (Mont. Dec. 29, 2015). On January 10, 2017, the Court stated that "[a]ny further fillings will be summarily dismissed." *Godfrey v. Twenty-First Judicial Dist. Ct.*, No. DA 16-0551, Or. Dismissing Appeal with Prejudice (Mont. Jan. 10, 2017). Further attempts by Godfrey to file in that Court have been dismissed *sua sponte*. *See e.g., State v. Godfrey*, No. DA 17-0220, Or. (May 30, 2017).

In the present filing, Godfrey characterizes his document as a "Rule 60(b)(4) Motion." (Doc. 1.) He asserts that his 2013 state judgment of conviction is void and violates his right to be free from double jeopardy. (*Id*.)

Rule 60 is not the proper vehicle to seek the relief sought. Rule 60(b) allows a "party" to seek relief from a "final judgment, order or proceeding." The Rule applies only when a party to a federal lawsuit seeks such relief. Federal court litigants unhappy with the outcome of a federal matter may use Rule 60(b) to attempt to overturn a final federal judgment or request a federal lawsuit be reopened. *See, Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) cannot, however, be used to directly attack a state criminal judgment.; it may only be used to challenge a federal civil judgment. *Harris v. United States*, 367 F. 3d 74, 82 (2nd

Cir. 2004)(a Rule 60(b) motion that directly attacks underlying conviction properly denied "as beyond the scope of" Rule 60(b)).  Thus, the filing is wholly improper.

Moreover, Godfrey has repeatedly sought to avoid the prohibition upon unauthorized second or successive habeas petitions by not referencing 28 U.S.C. § 2254.  But the Clerk of Court properly filed the document as a federal habeas petition.  *See e.g., McCormick v. Florida*, 2017 WL 6521787, *2 (11th Cir. Oct. 18, 2017)(determining that because Petitioner's Rule 60(b) motion sought to challenge his state conviction, the filing was properly construed as a habeas corpus petition under § 2254).  Godfrey has been informed time and again that this Court lacks jurisdiction to hear a second or successive Section 2254 petition unless he obtains authorization from the Court of Appeals to file a second habeas petition.  He has not done so.

Until Godfrey obtains authorization from the Ninth Circuit to file in this Court, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear this petition or any future filings.  *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). Godfrey continues to abuse the writ and improperly consume this Court's time and resources.

This matter is dismissed.  Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Godfrey challenging

his 2013 state sentence, or the underlying judgment of conviction handed down in *State v. Godfrey,* Cause No. DC 99-114, will be accepted.

A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction and the present filing is improper under Federal Rule 60(b). Transfer to the Court of Appeals is not in the interest of justice.  *See* 28 U.S.C. § 1631.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. Unless Godfrey contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Godfrey challenging his 2013 state court sentence or underlying judgment of conviction.  If no authorization is provided, future documents from Godfrey are to be discarded by the Clerk of Court and will not be considered by this Court.

3.   A certificate of appealability is DENIED.

4. This action is CLOSED. No further documents may be filed.

DATED this 28th day of May, 2025

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge